Katzin, Appellant, *v.* McShain.

Argued May 26, 1952. Before DREW, C. J., STERN, STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Philip Richman,* with him *Richman & Richman,* for appellant.

*James L. Stern,* Assistant City Solicitor, with him *Abraham L. Freedman,* City Solicitor, for appellees.

OPINION BY MR. JUSTICE MUSMANNO, June 24, 1952:

The plaintiff, whose property in Philadelphia is located in an area zoned "A" Commercial, applied to the Philadelphia Zoning Board of Adjustment for a certificate permitting him to use the property for storing and parking trucks. The Board, after a full hearing, which included consideration of the protests of some sixty neighboring homeowners, rejected the request. Katzin then appealed to Common Pleas Court No. 4 in Philadelphia County which, after conducting another hearing on the same subject matter, also refused the requested permission, stating, inter alia: ". . . it would seem to be clear that the Zoning Board of Adjustment was fully justified in refusing permission for such parking and storage of trucks on the ground that the 'public health, safety and general welfare' would not be secured and substantial justice done to the people of the neighborhood by the granting of the permit. There was no 'manifest and flagrant abuse' of the discretion in the Board in refusing appellant's application. Their opinion shows that there would be unnecessary hardship

to the people of the neighborhood if the requested use were permitted"

Katzin now appeals to this Court contending that the Zoning Board of Adjustment was without discretion to refuse a certificate so long as the permit applied for came within the uses permitted within an "A" Commercial district. This contention is without merit, since the power to conduct a hearing necessarily includes the authority to render a decision on the evidence presented.

The zoning ordinance was passed pursuant to the Enabling Act of May 6, 1929, P.L. 1551, 53 P.S. 3829, section 3 of which provides, in part: ". . . Such regulations shall be made in accordance with a comprehensive plan, and designed to lessen congestion in the streets, to secure safety from fire, panic and other dangers, to promote health and the general welfare, to provide adequate light and air, to prevent the overcrowding of land, to avoid undue concentration of population, to facilitate the adequate provision of transportation, water, sewerage, schools, parks and other public requirements."

There is a simple answer to the appellant's contention that there is here an unconstitutional delegation of police power to the Board of Adjustment and that answer is that the ascertainment of facts must necessarily be accomplished by a fact-finding body with authority to hear witnesses, analyze the evidence and render a decision based on criteria established by the statute which speaks for the sovereign power of the Commonwealth.

The crux of this case resolves itself in the proposition that if the facting-finding tribunal acts arbitrarily, capriciously or in violation of positive law, it will be called to account for its defection and the injured party will be granted another hearing. *Jennings' Appeal,* **330**

Pa. 154, 198 A. 621; *Berman v. Exley*, 355 Pa. 415, 50 A. 2d 199; *Darling v. Zoning Board of Adjustment of Phila.*, 357 Pa. 428, 54 A. 2d 829.

Our review of the record reveals no such defection.

Reduced to its simplest terms we have a contest here between, on one side, a business man with an entirely legitimate desire to seek a profitable monetary return on a piece of property which is his own, and, on the other side, a group of people with an equally legitimate desire to protect their children from dangerous trucks, to preserve the atmosphere around their homes free from gasoline fumes, noises at unreasonable hours of the night, and other annoyances which can play havoc with the physical comfort and peace of mind of homeowners.

The legal principle involved in this case is not presented here for the first time. In the case of *Ventresca v. Exley et al.*, 358 Pa. 98, 56 A. 2d 210, which had to do with the same ordinance here before us, the applicant sought a certificate of variance for the erection and occupancy of a garage building in a residental district of Philadelphia. In affirming the discretionary powers of the Zoning Board, this Court said: "According to the ordinance a garage and repair shop such as that here contemplated is permitted only in industrial districts; its allowance is discretionary with the Board, subject to certain limitations, in commercial districts; it is not permitted at all in residential districts and can be established there only by a variance granted under the conditions prescribed by statute, conditions which, as already stated, do not exist in the present case."

We see no error in the proceedings below and the order of Common Pleas Court No. 4, Philadelphia County, is affirmed, with costs to be paid by the appellant.