## Kotzin *v.* Plymouth Township Zoning Board of Adjustment (et al., Appellants).

Argued January 6, 1959. Before JONES, C. J., MUS-
MANNO, JONES, COHEN and MCBRIDE, JJ.

*Elkins Wetherill*, with him *Knox Henderson*, and
*Henderson, Wetherill & O'Hey*, for appellants.

*William F. Fox*, with him *Fox, Differ & Honeyman*,
for appellee.

OPINION BY MR. JUSTICE COHEN, March 16, 1959:

This is an appeal from the order of the Court of
Common Pleas of Montgomery County, reversing the

action of the Zoning Board of Adjustment for Plymouth Township, and granting two special exceptions to appellee, Joseph Kotzin, permitting him to use his land in the township as a noncommercial recreational swimming club and a day camp. The board had refused Kotzin's application for the two special exceptions, determining that if the application were granted the public health, morals and welfare would be adversely affected.

The appeal to the lower court was determined solely on the record that had been developed before the board. No additional testimony was taken by the lower court. Our only responsibility, therefore, is to determine whether the board, in denying the special exceptions, committed a manifest abuse of discretion or an error of law.

The Zoning Ordinance of Plymouth Township enacted in 1954 provides in Section 400-C(5) that land in "AA" residential districts may be used or occupied as a day camp or as a noncommercial recreational use when such use or occupancy is authorized as a special exception. A special exception was defined by Mr. Justice STERN in *Devereux Foundation, Inc., Zoning Case,* 351 Pa. 478, 483 41 A. 2d 744 (1945) as follows: "An 'exception' in a zoning ordinance is one allowable where facts and conditions detailed in the ordinance, as those upon which an exception may be permitted, are found to exist." Thus, an exception has its origin in the zoning ordinance itself. It relates only to such situations as are expressly provided for and enunciated by the terms of the ordinance. The rules that determine the grant or refusal of the exception are enumerated in the ordinance itself. The function of the board when an application for an exception is made is to determine that such specific facts, circumstances and conditions exist which comply with the standards of

the ordinance and merit the granting of the exception.

The Plymouth Township Zoning Ordinance of 1954, Art. 19, Section 1901 B set the standards requiring the board to authorize a special exception only in such cases as are therein expressly provided for in harmony with the general purposes and intent of the ordinance. The ordinance further provided that in granting special exceptions the board shall be guided by, but not limited to, the following conditions for the grant of each special exception:

"1. That the objectives of the comprehensive plan will not be jeopardized;

"2. That the use, for which a special exception is requested, will not: (a) Be detrimental to the appropriate use of adjacent property; (b) Cause undue congestion of pedestrian or vehicular traffic; (c) Endanger the safety of persons or property by improper location or design of facilities for ingress or egress."

With these standards as guide posts, the board evaluated the testimony and concluded that the granting of the special exception would unduly affect the health, safety and general welfare of the community. We cannot find that this decision was a manifest abuse of the board's discretion.

The granting of a special exception to a noncommercial recreational use such as a private swimming club may, under certain circumstances, do no violence to the zoning ordinance. In fact, the intent of the ordinance contemplated the approval by the board of such noncommercial residential uses as swimming pools or tennis courts; but where the testimony discloses that the private swimming club is to be organized with three hundred to three hundred fifty family memberships and to be operated in conjunction with a day camp, it can readily be seen that such an attraction poses an entirely different problem and requires the

exercise of different judgments. The influx of such a great number of patrons (1200 swimming club members and 150 day camp children) would cause congested traffic, induce noise, disturb the quiet and peacefulness of the neighborhood and so impinge upon its tranquility that the objectives of the comprehensive zoning plan would be jeopardized and the health, safety and general welfare of the whole neighborhood adversely affected.

The board envisioned, and we believe rightfully so, that this noncommercial recreational use manifested all the objections that would have characterized a similar profit-making commercial facility. That the operation of the enterprise is by a nonprofit corporation, and hence noncommercial is not determinative of the board's action. The framers of the ordinance contemplated that a noncommercial recreational use would not create an objectionable condition. If unobjectionable in its use, it would be permitted if a special exception were obtained—but where the actual use is objectionable the fact that the objectionable use is by a nonprofit corporation does not merit the grant of the exception. The board's determination that the grant of this special application was not compatible with the overall zoning objectives of the township should not be disturbed.

Order reversed.