## York Township Zoning Board of Adjustment *v.* Brown, Appellant.

650

Argued May 21, 1962. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Russell F. Griest*, with him *Anstine & Griest*, for
appellants.

*Raymond L. Hovis*, for appellee.

OPINION PER CURIAM, June 28, 1962:

The court below affirmed the York Township Zon-
ing Board of Adjustment's refusal of special exceptions
from the York Township Zoning Ordinance area and
width requirements as to certain lots in several land
subdivisions owned and developed by the appellants.

Under section 402(1)(B) and 302(1)(A)(3) of
the York Township Zoning Ordinance, lots in the
districts in which the subdivisions are located when not
served by a public water supply or a sanitary sewer
system must have an area of not less than 20,000 square
feet and a width of not less than 100 feet. Some of the
appellants' lots did not meet these requirements and
accordingly they applied to the York Township zoning

officer for special exceptions so as to permit the lots in question to remain as originally laid out, though admittedly not in conformity with the zoning requirements. The application was refused and the refusal affirmed by the township's board of adjustment.

The appellants then went into the Court of Common Pleas of York County, which appointed a referee to take additional testimony. The court did not accept the referee's findings in behalf of the appellants, and, after its own study of the record, affirmed the board of adjustment's refusal of special exceptions. This appeal followed.

Section 701 of the York County Zoning Ordinance provides: ". . . parcels of land held in single and separate ownership which are composed of contiguous lots originally subdivided into lots having areas or widths less than those permitted in the district in which the parcel of land is located shall be re-subdivided to conform to the area width regulations imposed by this ordinance; provided, however, that where such re-subdivision will result in undue hardship, as in the case of substantial improvements having been made to the property under and subject to any then existing regulations, which improvements render re-subdivision impractical or unusually burdensome, the Zoning Board of Adjustment may grant a Special Exception for the use of such lots as nonconforming lots subject to the provisions of Article XI and within the spirit of these regulations."

We agree with the lower court's conclusions that this section, dealing as it does, with nonconforming lots (and not section 700) governs the facts in the case. To hold otherwise would be practically to nullify section 701. Under this section the appellants had to show that conforming to the zoning ordinance's requirements would result in "undue hardship," but, as fully discussed by the lower court, whose reasoning we

affirm, the record does not show such "undue hardship."

Nor can we agree with appellant's contention that with respect to those subdivision plans approved by the township prior to the zoning ordinance, there was created a vested right to subdivide the lots as so approved. As succinctly stated by this same lower court in *York Township Zoning Board v. Brown,* 74 York 197 (1960) "In the abstract, it is highly desirable in the zoning process that pre-existing land subdivisions should conform to later zoning laws. Otherwise, subdivisions in their infancy could perpetuate for years the problems zoning was designed to eliminate. Furthermore, the financial hardship on the owner in complying is not nearly as great as that of the operator of a proscribed business who faces complete annihilation. Land subdivisions usually can be made to conform by enlarging lot sizes or combining two lots into one. True it is that such action produces less profit to the subdivider than he had anticipated. Yet it no longer requires citation of authority to show that failure to realize anticipated profits furnishes no basis for exception from the zoning process."

The action of the court below in affirming the board's refusal of the special exceptions is amply supported by the record and by the law.

We see no abuse of discretion and accordingly the order in each appeal is affirmed.