## Akiba Hebrew Academy v. Lower Merion Township Zoning Board of Adjustment

*A. Richard Gerber*, for appellant.

*William P. Manning*, for appellee.

*Stephen Yusem*, for Harriet Rentz.

DITTER, J., September 19, 1968.—This matter comes before the court on an appeal from a zoning board's order modifying conditions imposed in a prior grant of a special exception. The applicant is a private school, and the conditions restricted the location of athletic activities on its property. The application having been granted in part and refused in part, both the school and protesting neighbors filed separate appeals to this court. The cases were argued together and this opinion will relate to both.

Akiba Hebrew Academy is a nonprofit corporation which operates a school in a residence district in Lower Merion Township. This property, approximately four and three-quarters acres, is bounded on the north by Melrose Avenue, on the east by Old Lan-

caster Road, and on the south by Highland Avenue. To the west are single family dwellings. The entrance for automobiles is by way of a drive from Highland Avenue.

Prior to 1956, the large, two-story stone mansion on the Akiba property was used as a private home. In 1955, Akiba filed an application for a special exception to use the building and its grounds as a school. After a hearing on January 12, 1956, the zoning board of adjustment entered an order granting the special exception and providing, inter alia, that:

"The outdoor play area shall be limited to the area located at the corner of Highland Avenue and Old Lancaster Road in accordance with the testimony".

The land across Highland Avenue from the Academy is occupied by a synagogue, Temple Adath Israel. To the east of the Akiba property, across Old Lancaster Road, there is a nursery and several residences. Melrose Avenue is a narrow, private road. At the time Akiba received its original special exception, a single large estate occupied the ground on the opposite side of Melrose Avenue. In the intervening years, however, 14 residences have been built along Melrose Avenue opposite the Academy. The protestants come from these homes.

By its present application, Akiba seeks permission to establish a paved outdoor basketball court and a tennis court on the Melrose Avenue side of the property, to the north of the school building. This area is diametrically across from the area at the corner of Old Lancaster Road and Highland Avenue designated for athletics under the conditions imposed by the board's original order of January 12, 1956. The proposed basketball court would be 46 feet by 90 feet and the proposed tennis court would be 36 feet by 78 feet.

After proper notice, the board of adjustment held two hearings, received evidence in support of the application and opposed to it. Its order granted Akiba permission to establish a tennis court, but denied its application to establish a basketball court at the location requested. Both Akiba and the protestants have appealed to this court.

Akiba has approximately 200 students, half boys and half girls, from the sixth to the twelfth grade. In the past it has not always observed the condition imposed by the board in 1956 limiting the play area to the Highland Avenue-Old Lancaster Road corner. This fact has been a source of irritation to some of the neighboring home owners, while others have been irritated by the fact that the grounds have not been properly policed and maintained.

It was stipulated by Akiba that the protestants who live on Melrose Avenue purchased their properties in reliance upon the 1956 condition limiting Akiba's play area to the Highland Avenue-Old Lancaster Road corner. The protestants argue that they have the right to the quiet enjoyment of their homes, and that any modification of the 1956 restriction will be injurious to them. Protestants' sword cuts both ways, however. One of them testified that there were now approximately 45 to 50 children on their side of Melrose Avenue, perhaps even 60.[1] Obviously, Melrose Avenue has changed in character. It is no longer a country lane but is now a suburban street, and not all of the noise in the neighborhood comes from Akiba's 200 students—some is undoubtedly generated by the 50 children who live on Melrose Avenue.

In an appeal from the action of a zoning board of adjustment in which the court receives no additional

---

1. Hearing of June 23, 1965.

evidence, our power is limited to a review of the record to determine whether the board was guilty of a manifest abuse of discretion or an error of law, and proper corrective action if an abuse or error is discovered: Jacobi v. Zoning Board of Adjustment, 413 Pa. 286, 289 (1964).

All matters pertaining to special exceptions must be decided by the zoning board of adjustment in accordance with the standards found in the particular zoning ordinance: Kotzin v. Plymouth Township Zoning Board of Adjustment, 395 Pa. 125, 127-28 (1959).

Article XXIII of the Lower Merion Township zoning ordinance sets forth the powers and duties of the zoning board of adjustment. Section 2301 (4) provides the board may "impose appropriate conditions and safeguards" in special exception cases. Section 2305 requires that the *applicant* for a special exception shall have the *burden of proving* that his application falls within the provision of the ordinance and granting his application will not be contrary to the public interest. Where an ordinance places the burden of proof on an applicant for a special exception, the zoning board and the courts are required to follow its provisions: York Township Zoning Board of Adjustment v. Brown, 407 Pa. 649, 651-52 (1962). Therefore, cases such as Archbishop O'Hara's Appeal, 389 Pa. 35 (1957), urged by Akiba for our consideration, are not applicable. In that case, the ordinance was silent as to burden of proof; and the Supreme Court held the burden should be on protestants to show that a charitable use would be in conflict with the health, safety, morals, or general welfare of the community.

The power to impose "appropriate conditions and safeguards" obviously carries with it the power to modify conditions which are no longer appropriate.

The board's failure to grant Akiba's application in full simply means that Akiba did not carry its burden of proof in all particulars. We have read the testimony, visited the premises, and studied the board's findings and conclusions. There is competent evidence to support the board's findings of fact and it correctly applied the law to those findings in reaching its decision.

The board noted the difference between a tennis court, which can be used by no more than 4 players at any one time, and a basketball court which is used by 10. Basketball is often a noisy game in which players yell to each other, while tennis matches are more quiet and restrained. As proposed by Akiba, the tennis court would be approximately 120 feet from the nearest residential property on Melrose Avenue and approximately 140 feet from the nearest residential property to the west. On the other hand, Akiba wishes to place the basketball court about 90 feet from the residential properties across Melrose Avenue and about 80 feet from those to the west.

The board made a specific finding that the tennis court would not result in activity or noise injurious to the public interest, but found that the basketball court would be injurious. It therefore modified the condition imposed in 1956 to the extent necessary for the installation of the tennis court, but specifically noted that in all other respects the condition as to using the Highland Avenue-Old Lancaster Road section of the corner remained in effect.

We can find no abuse of the board's discretion, nor in its application of the law. The board's order should therefore be affirmed.

And now, this September 19, 1968, the decision of the Zoning Board of Adjustment of Lower Merion Township is hereby affirmed.