## Lombardo v. Zoning Board of Adjustment

*Andrew N. Farnese,* for appellant.

*Edgar R. Einhorn,* Assistant City Solicitor, for City of Philadelphia.

REED, J., October 26, 1970.—

### I. *STATEMENT OF FACTS*

James F. Lombardo, a resident of Philadelphia and for more than 27 years a dealer in waste and scrap materials at 1033 East Moyamensing Avenue, in order to permit the widening of the street by the city, proposed to move his business to the southeast corner of Twenty-fifth and Moore Streets.

The site he chose was located in an area zoned "G-2" industrial and was for many years used as a coal yard. It occupied an area bounded by Moore, Twenty-fifth and Mifflin Streets, which extends to 400 feet on one side and some 96 feet on the other. On the northwest corner of the site is a junk yard storage building. A lumber yard and a trucking terminal are on opposite sides of Twenty-fifth Street. Easterly, on both Moore and Mifflin Streets, are residences both of the row and end-of-the row variety, and a three-foot alley separates the site from these residential properties.

Mr. Lombardo proposes to build a one-story building, 25 feet in height and dimensions of 96 feet by 190 feet upon the site, of masonry construction with a low fence around the yard areas. Trucks entering for unloading purposes would do so from both Moore and Twenty-fifth Streets. The testimony is not entirely clear as to whether the unloading operations would invariably be within the building.

At a public hearing held before the Zoning Board of Adjustment on September 13, 1966, the issuance of a certificate to permit Mr. Lombardo to use the site in question for the purpose herein described was properly before the board. The land is currently zoned "G-2" industrial. The storing of waste paper and cloth not being within the purview of section 14-508 of the Code of Ordinances, a certificate was requested under section 14-1803.

Section 14-1803 imposes upon the applicant for such certificate the duty of presenting evidence at the public hearing relating to the following criteria which the board has a duty to consider:

"(a) that the grant of the Certificate will not substantially increase congestion in the public streets;

"(b) that the grant of the Certificate will not in-

crease the danger of fire or otherwise endanger the public safety;

"(c) that the grant of the Certificate will not overcrowd the land or create an undue concentration of population;

"(d) that the grant of the Certificate will not impair an adequate supply of light and air to adjacent property;

"(e) that the grant of the Certificate will not adversely affect transportation or unduly burden water, sewer, school, park, or other public facilities;

"(f) that the grant of the Certificate will not adversely affect the public health, safety or general welfare;

"(g) that the grant of the Certificate will be in harmony with the spirit and purpose of this Title, and

"(h) that the grant of the Certificate will not adversely affect in a substantial manner any area redevelopment plan approved by the City Council or the Comprehensive Plan for the City approved by the City Planning Commission."

After testimony was given by the applicant and his architect, protestants through their attorney presented a petition allegedly containing 400 signatures protesting the issuance of "any zoning variance which would permit the operation of additional junk yard in our neighborhood or permit for the storage of rags, paper, junk at South East corner of 25th and Moore Street thru to Mifflin Street, said junk yard above would tend to attract rodents and other vermin, create a serious fire hazard, add to traffic congestion and generally downgrade our homes."

## II. RULING OF THE COURT

The Zoning Board of Adjustment denied the request

for a certificate, and from this denial the matter came before this court on certiorari.

The appeal is denied without prejudice and the applicant is given leave to file another application consistent with these findings.

Mr. Lombardo has failed to sustain his duty to provide evidence from which the board could make a determination as to the issuance of a certificate. The board has failed to consider the evidence that was presented in the light of its duty to issue a certificate when the criteria under section 14-1803 are met.

A. The applicant presented evidence relating to criteria a, b, c, f and g. It is not necessary or useful at this time to indicate the scope of this evidence, since our decision is not based on abuse of discretion on the part of the board in making its determination of facts (Polizzi v. Zoning Board of Adjustment, 420 Pa. 405 (1966)), but rather upon an error in law in applying the criteria laid down in the city ordinance.

A brief comment on the evidence presented by the applicant will therefore suffice. As to the criterion (a), Mr. Lombardo testified that 90 percent of his business involved deliveries from dealers who have already packed and baled the waste products. Only 10 percent of his purchases are from individual scavengers and peddlers. Approximately six trucks can be handled within the proposed enclosure, a number which this businessman of 27 years says is sufficient to insure that other trucks will not congest the yard or street area.

As to the criterion (b), Mr. Lombardo testified that his business did not require the use of welding equipment, and no danger of fire exists from this operation. There is no evidence in the record that the storing of paper or rags is, of itself, a fire hazard.

As to (c), Mr. Lombardo and his architect testified as to the size of the proposed structure on the site.

As to (f), the residents in the area raised the issue of vermin in their petition and in testimony. Mr. Lombardo testified that he used exterminators at his current business operation which also adjoins residential uses, and that he has no danger from infestants nor complaints from neighbors.

As to (g), there is evidence throughout the record that the site is already zoned industrial in a band of industrial land which adjoins residential land.

B. The board has failed to consider the evidence presented in the light of its duty under section 14-1803 but has ruled as a matter of law on the basis of an application for a variance under section 14-1802.

The findings of the Zoning Board of Adjustment dated December 8, 1966, some three months after the public hearing, states that "no unnecessary hardship exists in this case," a criterion which must be considered in granting a variance but is not a requisite for the granting of a certificate. When the findings were returned to the board by order of this court dated May 4, 1967, supplemental findings dated May 10, 1967, were filed by the board. These findings did not recite the variance criterion herein cited, but failed to indicate in what manner evidence was augmented such that the proper criteria under section 14-1803 were met, nor, in fact, whether other evidence was considered. It is clear that if upon the taking of further testimony Mr. Lombardo meets all of the criteria for the granting of a certificate, he is entitled to the certificate as a matter of right and need not meet other burdens of necessity established by the criteria for granting of variences.

Furthermore, in Jacobi v. Zoning Board of Adjustment, 413 Pa. 286 (1964), relied upon by the city

312

in its brief, an application for a special exception under standards set forth in the Zoning Ordinance, the court said:

"Implicit in appellants' argument is the thought that an applicant for a special exception has the burden of establishing that the proposed use will not adversely affect the health, safety, morals and general welfare of the community. On the contrary, once 'the requisite facts and conditions detailed in the ordinance are found to exist' (citation omitted), the applicant is 'entitled to the special exception unless there was legally sufficient competent evidence to support a finding that the granting of such exception was adverse to the public interest.' (citation omitted)."

The appeal is dismissed.

## ORDER

And now, to wit, this October 26, 1970, the appeal is dismissed without prejudice to the appellant to renew application for certificate under section 14-1803.