## Wooleyhan v. Newtown Township

Before Bodley, Garb, and Ludwig, *JJ*.

*Stephen B. Harris*, for appellant.
*Don F. Marshall*, contra.
GARB, *J.*, January 27, 1976—The property owner herein has taken an appeal from the decision of the

Zoning Hearing Board of Newtown Township which denied his appeal from the action of the zoning officer of the township in issuing a cease and desist order and also from the denial of the zoning hearing board of his application for a special exception. The matter was argued before the court en banc without our holding any hearing or receiving any evidence in addition to that received by the zoning hearing board. Therefore, no independent findings of fact are made herein. In view of the fact that we review only the decision of the board based upon the findings made by it, we may not properly make our own findings of fact but can only review the decision of the board to determine if an abuse of discretion or an error of law has been committed: Concord Township Appeal, 439 Pa. 466, 268 A. 2d 765 (1970). We are relegated solely to the record of the zoning hearing board, and we may decide only whether the said board clearly abused its discretion or committed an error of law: Upper Providence Township Appeal, 414 Pa. 46, 198 A. 2d 522 (1964); Rieder Appeal, 410 Pa. 420, 188 A. 2d 756 (1963), and Brennen v. Zoning Board of Adjustment, 409 Pa. 376, 187 A. 2d 180 (1963).

Appellant is the owner of approximately 17.8 acres of land located and situate on the Dolington-Newtown Road which he acquired in 1968. On the premises are located, inter alia, a stone dwelling house and a barn constructed for the housing of livestock. From approximately 1969 until the present, appellant has operated a riding academy upon the entirety of the premises, maintaining thereon approximately 12 to 24 horses at all times, some of which belong to him and some of which are boarded for other persons. Lessons in the care of and riding of horses are given on a regular

basis and that activity, together with the boarding of horses, comprises the primary activity of the riding academy. Horses are not let for casual riding. At the time of the origin of this activity upon the premises in question, the use of property for a riding academy was prohibited entirely in the township.

On January 8, 1975, the zoning officer of Newtown Township issued a cease and desist order directing that appellant discontinue the use of the premises as a riding academy. Thereupon, appellant filed a timely appeal to the zoning hearing board from that order, and at the same time requested, in the alternative, a special exception to maintain a riding academy upon the premises and likewise a special exception to convert the stone dwelling house into two dwelling units.

The zoning hearing board held two hearings and likewise conducted a view of the premises. One member of the zoning hearing board disqualified herself from participation as a member of the board based upon her interest in opposition to the application. The board denied the appeal from the decision of the zoning officer 2 to 0, granted the special exception to construct two separate dwelling units in the dwelling house 2 to 0, and divided evenly 1 to 1 on appellant's application for a special exception to permit the operation of a riding academy. Appellant appeals from the decision of the zoning hearing board regarding his appeal from the cease and desist order and also from the action, whatever it may be construed to have been, of the zoning hearing board regarding his special exception application for the operation of a riding academy.

Appellant asserts three bases upon which we are urged to sustain his appeal and reverse the board. He asserts first, that he has a legal right to continue

the operation of his riding academy as a noncon-forming use, that his application for a special exception is deemed to have been granted by virtue of the alleged inaction of the board within 45 days of the close of the hearing, under and pursuant to the Act of December 10, 1974, P. L. 761 (No. 272), sec. 1, 53 PS § 10908, the alleged inaction resulting from a vote of 1 to 1 on his application for a special exception, and, lastly, that he is entitled to a special exception on the merits of his case. We are satisfied that his last contention is well founded and, therefore, do not reach the other legal assertions advanced by appellant.

A special exception must be allowed where the facts and conditions as detailed in the zoning ordinance as those upon which an exception may be permitted are found to exist: Jacobi v. Zoning Board of Adjustment, 413 Pa. 286, 196 A. 2d 742 (1964), and Rieder Appeal, supra. Once the requisite facts and conditions as set forth in the zoning ordinance are found to exist, the applicant is entitled to a special exception, unless there is legally sufficient competent evidence to support a finding that the grant of such an exception is adverse to the public interest: Good Fellowship Ambulance Club's Appeal, 406 Pa. 465, 178 A. 2d 578 (1962). Where the zoning ordinance does not specifically place the burden of proving a lack of the detrimental character of the use contemplated by the property owner with regard to the health, welfare and morals of the community, the burden of proving such detrimental character rests upon those who oppose the application: Jacobi v. Zoning Board of Adjustment, supra; Sun Oil Company v. Warminster Township Zoning Board of Adjustment, 15 Bucks 464 (1965), and Simon et al. v. Doylestown Borough Zoning

Board of Adjustment, 17 Bucks 103 (1967). Section 1209 of the Newtown Township Zoning Ordinance provides that where there is an application for a special exception, the applicant shall have the burden of proof to show that the application, if granted, would not be contrary to the public health, morals, safety or welfare. Therefore, the burden of proving the lack of such detrimental character of the proposed use is placed by the zoning ordinance upon the applicant, as it may be. See Derr Flooring Co. v. Whitemarsh Township Zoning Board of Adjustment, 4 Pa. Commonwealth Ct. 341, 285 A. 2d 538 (1971); York Township Zoning Board of Adjustment v. Brown, 407 Pa. 649, 182 A. 2d 706 (1962), and Akiba Hebrew Academy v. Lower Merion Township, 47 D. & C. 2d 171 (1968).

The premises in question are zoned R-1 by the zoning ordinance. Permissible uses are set forth for R-1 districts in section 402 et seq. of the zoning ordinance. In section 402.2c uses by special exception are set forth and riding academies are included therein. The testimony of the appellant, a veterinarian and a duly qualified expert on riding academies, establishes beyond doubt that appellant is operating a riding academy upon its premises, and doing so adequately and properly. Both of the participating members of the board so found and appropriately so. Therefore, unless there is sufficient evidence in this record to show that appellant has failed to meet some condition or conditions imposed by the ordinance for the operation of riding academies or that his operation would be detrimental to the health, morals, safety and welfare of the community, he must be granted this special exception.

Essentially, the member of the board voting

against the grant of the special exception concluded that it could not be granted because appellant failed to comply with a specific condition of the zoning ordinance which that member of the board related to the operation of riding academies. Essentially, that is the position taken by the township in support of the action of the zoning board. We do not agree with this contention and conclude that appellant has met all the requirements imposed by the zoning ordinance for the operation of a riding academy.

In order to understand the position of the township, the relevant portions of the zoning ordinance having to do with use regulations in a R-1 district must be set forth. Section 402.2a sets forth those uses as of right in an R-1 district. Among those uses set forth are single-family detached houses, agricultural uses, usual farm buildings and dwellings, including tenant house as accessory dwelling. As previously noted, subsection c of section 402.2 sets forth uses by special exception, included among which are riding academies. Article 900 of the zoning ordinance provides general regulations. Section 901 provides general provisions and thereafter are a series of general provisions applicable to various uses as provided for in the ordinance. Section 901.4 provides for farm regulations and the preamble to this section provides as follows:

"Farm Regulations. Agricultural, farm houses and usual farm buildings shall be permitted without restriction except as follows. . . ." then follows a series of regulations from a to g, subsection f, the one relevant hereto, providing a follows:

"The keeping of domestic animals exclusive of customary pets shall not be permitted except *on property designated as agricultural lots*. The

keeping of horses, cows, pigs, and the operation of kennels shall not be permitted on lots less than twenty-five (25) acres in size, except in cases where horses are kept for the private use of the individual property owner. The keeping of horses for private use shall not be permitted on lots less than three (3) acres in size nor shall the number of horses exceed one (1) horse per two (2) acres.'' (Emphasis supplied.)

It is the contention of the township and the opinion of the board member ruling against appellant that this section is applicable to riding academies under section 402.2c of the zoning ordinance, and, inasmuch as appellant has only 17.8 acres, that he has not met this condition of the zoning ordinance, and is, therefore, not entitled to this special exception. Although at first blush this contention seems appealing, we are satisfied that a proper construction of the zoning ordinance dictates a contrary result. We must keep in mind that zoning ordinances, generally speaking, being in derogation of common law, must receive a strict construction in favor of the property owner and words of allowance receive a broad construction: Pittsburgh Outdoor Advertising Co. v. Zoning Board of Adjustment, 14 Pa. Commonwealth Ct. 54, 320 A. 2d 916 (1974), and Reich v. Reading, 3 Pa. Commonwealth Ct. 511, 284 A. 2d 315 (1971).

As noted, the preamble to section 901.4, having to do with farm regulations, applies explicitly to agricultural, farm houses and usual farm buildings. Agricultural uses and usual farm buildings are permissible as of right under section 402.2a, delineating uses as of right in an R-1 district.

The language of the preamble of section 901.4 is virtually the same as the language delineating uses

as of right in section 402.2a of the zoning ordinance. We believe, therefore, that the farm regulations as set forth in section 901.4 are applicable to agricultural uses which are uses as of right in this zoning classification and not to those uses delineated as permissible by special exception. As a matter of logic, we believe that if the drafters of this ordinance had intended that riding academies be considered to be agricultural uses and, therefore, controlled and delineated by farm regulations in the ordinance, there would have been no need to provide for this use by special exception. By specifically delineating riding academies as a special exception as opposed to agricultural uses as a use as of right, we conclude that riding academies are not considered to be agricultural uses but rather a more narrowly defined type of land use. That being the case, we conclude that section 901.4, which delineated the restrictions and conditions of agricultural uses, do not apply to riding academies. If horses can be maintained only on "property designated as agricultural lots," then if this restriction is applied to riding academies, horses cannot be kept there, and this use by special exception is a nullity. That is a preposterous result. Therefore, we conclude that there is no requirement in this zoning ordinance that a riding academy consist of no less than 25 acres. Therefore, we conclude that appellant has met his burden of proving that he has met the conditions as set forth in the ordinance for the operation of a riding academy.

We likewise believe that appellant has met his burden of proving that his operation of a riding academy will not, in any way, be detrimental to the health, morals, safety and welfare of the community. Where the burden, as here, of proving that his

proposed use is not in derogation of the public welfare, that is not to say that the burden is such that appellant must negate every conceivable and unvoiced objection to the proposed use. That would be an unreasonable burden. Once an applicant has met the burden of proving his compliance with all of the specific conditions and requirements of the zoning ordinance, he has met his initial burden of proof. If the protestants to the issuance of a special exception raise specific issues concerning health, safety and general welfare, then the burden would continue to be with appellant. Appellant would then be required to come forward to meet the objections so as to show that the intended use would not violate the health, safety, morals and general welfare of the community with relation to such objections: Derr Flooring Co. v. Whitemarsh Township Zoning Board of Adjustment, supra. Here, the only relevant question raised by anyone regarding public health or welfare was the question of whether appellant retained sufficient acreage to permit him safely to spread manure generated by the horses. There was some question raised regarding this by one protestant and some concern was voiced by the veterinarian called by appellant. Beyond that, however, there was no evidence to show that appellant's method of dispersal of the manure was in any way improper or deleterious to the health or safety of the community. We do not believe, therefore, that there was sufficient evidence from anyone in order to impose the burden of appellant to show more. Therefore, we are satisfied that appellant has met whatever burden of proof he may have regarding the effect of the land use he seeks upon the health and welfare of the community.

As is adequately demonstrated, we trust, by the

foregoing, we determine that the zoning hearing board should properly have granted the application for special exception. In this light, we consider the action of the zoning hearing board regarding the affirmance of the zoning officer in issuance of the cease and desist order to be moot. Therefore, we will remand this matter to the zoning hearing board with the direction that a special exception be granted affording to the zoning hearing board the right to impose whatever special or specific conditions it may deem appropriate. See the Act of July 31, 1968, P. L. 805, art. IX., sec. 913, 53 PS §10913.

## ORDER

And now, January 27, 1976, it is hereby ordered, directed and decreed that the within matter shall be remanded to the Zoning Hearing Board of the Township of Newtown with the direction that the special exception as applied for shall be granted and with leave to the zoning hearing board to affix whatever reasonable conditions it may deem appropriate.