Carol McGINTY, Jerry Olsavsky, James Oros, Ben and Barbara Wallander, Se'Amus Galligan, Elaine Pierantozzi, Joseph Cuticchia, Tina Williams and Chris Ward, Appellants,

v.

ZONING BOARD OF ADJUSTMENT OF THE CITY OF PITTSBURGH

v.

Thomas KAPLAN, Richard Kasdan, Dr. Peter Tanzer, and Zambrano Corporation, Owners and Pittsburgh Deli Company, Inc., Lessee.

Commonwealth Court of Pennsylvania.

Argued June 10, 1998.

Decided Sept. 4, 1998.

---

Thomas R. Solomich, Pittsburgh, for appellants.

Stuart M. Levine, Pittsburgh, for appellee, Pittsburgh Deli Company.

Before COLINS, President Judge, and DOYLE, KELLEY, FLAHERTY and LEADBETTER, JJ.

COLINS, President Judge.

Before the Court is the appeal of Carol McGinty *et al.* (Appellants) to the order of the Court of Common Pleas of Allegheny County (common pleas court), which affirmed the order of the Zoning Board of Adjustment of the City of Pittsburgh (Board). The Board's order granted Pittsburgh Deli Company (Pittsburgh Deli) a special exception from the parking requirement of Section 989.01 of the Pittsburgh Zoning Code (Code) pursuant to Section 909.06(d)(1) of the Code. We reverse.

Pittsburgh Deli is a restaurant located at 728 Copeland Street in the Shadyside section of Pittsburgh, Pennsylvania. The restaurant is situated in an A–1 Residential/Commercial district. Pittsburgh Deli sought a use special exception to expand its restaurant to the third floor of its current location at 728 Copeland Street, as well as into an adjoining property located at 730 Copeland Street. As a result of this proposed expansion, Pittsburgh Deli would have been required to provide thirty-two additional parking spaces pursuant to Section 989.01 of the Code.[1]

1. Section 989.01 of the Code is entitled "Automobile parking space." It controls the amount of parking that must be provided "at the time of the erection of any main structure or at the time

Since Pittsburgh Deli could not provide the required thirty-two parking spaces, it requested a special exception from the parking requirement pursuant to Section 909.06(d)(1) of the Code, in conjunction with its request for the use special exception.

A hearing on Pittsburgh Deli's application for the two special exceptions was held before the Board on November 14, 1996, after which the Board granted Pittsburgh Deli's application for both the use special exception and the parking special exception. Appellants appealed the Board's decision to common pleas court. Common pleas court took no additional evidence and affirmed. Appellants now appeal to this Court.[2]

On appeal to this Court, Appellants contend that the Board abused its discretion by granting Pittsburgh Deli's application for a special exception from the parking requirement because Pittsburgh Deli failed to establish the existence of some unique characteristic of the subject property by substantial competent evidence to warrant a special exception.[3] We agree.

A special exception is a misnomer in that it really is not an exception at all; it is a legislatively granted entitlement contained in a zoning ordinance. A special exception is a permitted use to which an applicant is entitled if the applicant can demonstrate compliance with the specific objective requirements detailed in the ordinance. *Kotzin v. Plymouth Township Zoning Board of Adjustment*, 395 Pa. 125, 149 A.2d 116 (1959); *Bray v. Zoning Board of Adjustment*, 48 Pa.Cmwlth. 523, 410 A.2d 909 (1980). A special exception should be granted only in "such situations

as are expressly provided for and enunciated by the terms of the ordinance" and "the rules that determine the grant or refusal of the exception are enumerated in the ordinance itself." *Kotzin*, 395 Pa. at 127, 149 A.2d at 117–18.

In addressing an application for a special exception, the Board must employ a shifting burden of persuasion. Initially, the applicant must demonstrate its entitlement to a special exception by establishing compliance with the specific objective requirements for the exception detailed in the ordinance. *Bray*. Once the applicant has satisfied this initial burden, the burden then shifts to any objectors to establish that the proposed exception would be detrimental to the public health, safety and welfare. *Id.*

The grant of the special exception at issue in the present case is governed by Section 909.06(d)(1) of the Code. Section 909.06(d)(1), entitled: "Special exceptions for automobile parking," provides:

Modifying the automobile parking space requirements of § 989.01 ... where, in the particular instance, the modification will not be inconsistent with the purpose and intent of this Zoning Ordinance and with public safety, provided:

(A) The Board determines that modification is necessary to secure an appropriate development of a specific parcel of land which has peculiar or exceptional geographical or topographical conditions, or is of a size, shape or dimension that it cannot be reasonably developed in accordance with the provisions of 989.01.

(B) The Board imposes conditions and limitations with respect to the proposed use and development of the premises as in

any main structure is enlarged in capacity." The provision sets out variable parking requirements attendant to the building or expansion of different types of facilities. With respect to erecting or expanding restaurants, a party is required to provide one parking space for every 125 square feet of floor area over 2,400 square feet. Pittsburgh Deli's proposed expansion would add 3,500 square feet of usable customer space to the existing 3,000 square feet. Therefore, Pittsburgh Deli would have to provide 32 parking spots ((3,000 + 3,500 = 6,500) (6,500 − 2,400 = 4,100) (4,100 / 125 = 32.8)).

2. When no additional evidence is presented to the court of common pleas, the standard of review before this Court is limited to a determination of whether the Board committed an manifest abuse of discretion or an error of law. *Allegheny West Civic Council, Inc. v. Zoning Board of Adjustment of the City of Pittsburgh*, 547 Pa. 163, 689 A.2d 225 (1997). This Court can find an abuse of discretion if the Board's findings are not supported by substantial evidence. *Id.*

3. Appellants are not contesting the grant of the use special exception.

its opinion are necessary in order to minimize the need for parking facilities and to make the automobile parking facilities as are provided reasonably adequate.

Therefore, in the present case Pittsburgh Deli has the initial burden of establishing that the modification to the parking requirement is necessary in order to appropriately develop the subject parcel of land because of the land's unique geographical or topographical conditions, or because of its size, shape, or dimensions. Since Pittsburgh Deli has failed to present the Board with substantial competent evidence that its parcel of land is entitled to a special exception pursuant to the requirements of the ordinance, and as such, has failed to carry its initial burden of persuasion, we must reverse the common pleas court.

■ Our review of the records reveals insufficient evidence to support a determination that Pittsburgh Deli's land is entitled to a special exception for parking. We find no testimony at all specifically addressing the unique characteristics of Pittsburgh Deli's land as a detriment to appropriate development. Instead of addressing the requirements set out in Section 909.06(d)(1), Pittsburgh Deli erroneously focuses on the availability of public parking as justification for granting its requested special exception. The only reference to Section 909.06(d)(1) in the transcript from the Board's hearing follows testimony by Pittsburgh Deli's representative concerning his survey of the available public parking in the area. (See Board Hearing, pp. 7–9.) Pittsburgh Deli's tunnel-vision emphasis on adequate public parking is fatal because in its attempts to establish that there was adequate public parking available, it lost sight of the pertinent issue: whether its parcel of land was of such a unique nature in accordance with the dictates of the ordinance to warrant a special exception from the parking requirement.

Pittsburgh Deli proffers several arguments in defense of the Board's decision. Pittsburgh Deli first argues that the Board's decision was proper because there was no proof of detriment to the health, safety, and welfare of the community. Presumably, Pittsburgh Deli is contending that Appellants failed to present the Board with evidence to establish a detriment to the community, and therefore, the grant of the special exception was proper. This argument is misplaced because Pittsburgh Deli failed to carry its initial burden of providing evidence of the unique characteristics of its land, and thus, the objectors' obligation to establish a detriment to the community never surfaced.

In addition, Pittsburgh Deli argues that the Board did not abuse its discretion or commit an error of law because the ordinance only requires the Board to look at where and how the property in question is situated, and whether as such, the property owner could comply with the parking requirements. Although this argument is unclear, it appears that Pittsburgh Deli believes that simply by virtue of the land being located where it is, the Board could take judicial notice that the parcel has "prima facie exceptional geographical characteristics." For this reason, Pittsburgh Deli feels that it was unnecessary for the Board to make findings of fact regarding the subject land's unique characteristics. Although this arrangement would serve Pittsburgh Deli well in that it would relieve it of its burden of persuasion and would relieve the Board of its duty to base its findings of fact on substantial evidence, it is contrary to the shifting evidentiary standards employed in special exception case law, and contrary to the Board's duty to reach well-reasoned determinations. *See Borough of Youngsville v. Zoning Hearing Board of the Borough of Youngsville*, 69 Pa. Cmwlth. 282, 450 A.2d 1086, 1089 (1982) ("[B]oard must render an opinion delineating sufficient findings to support its conclusions in order to provide for meaningful review").

Lastly, Pittsburgh Deli argues that the issue presented in this appeal is not justiciable because none of the Appellants raised the issue of the need for thirty-two additional parking spots before the Board. Along these same lines, Pittsburgh Deli contends that our decision here will have no practical effect on parking for Pittsburgh Deli because it will eventually be granted a special exception for parking regardless of our decision. We must once again disagree. While Pittsburgh Deli

is correct that testimony contesting the granting of the special exception for parking is sparse, this does not relieve it of its burden of establishing its entitlement to the special exception. As for Pittsburgh Deli's belief that it will eventually receive the special exception regardless of our ruling here, we will leave resolution of this issue to the Board.

■ It is also incumbent upon us to note that the Board committed an error of law in granting the special exception because it did not apply the standard set out in the controlling ordinance. The ordinance requires a showing on the part of the applicant that the subject parcel of land is unique as to entitle the applicant to a special exception from the parking requirements. There is nothing in the Board's decision that discusses the necessity of the modification of the parking requirement due to the land's exceptional geographical or topical conditions, or size, shape, or dimension. Instead of focusing on the unique quality of the subject parcel of land, the Board, like Pittsburgh Deli, also looked to the availability of public parking in the surrounding areas. The Board's decision provides: "[a]dequate evidence has been presented as to the availability of nearby parking facilities and [sic] hereby determine that the special exception under Section 909.06(d)(1) A and B of the Code are applicable and that parking will be reasonably adequate."[4] The Board should have initially focused on whether there was adequate evidence that the subject parcel of land had a unique geographical or topical condition, or size, shape, or dimension to warrant the grant of a special exception for parking, not just adequate evidence of available public parking. The Board therefore committed an error of law by not properly addressing the issue of the uniqueness of Pittsburgh Deli's land as dictated by the ordinance.

Accordingly, the decision of the Court of Common Pleas of Allegheny County affirm-

ing the decision of the Zoning Board of Adjustment of the City of Pittsburgh is reversed.

McGINLEY, J., did not participate in the decision in this case.

### ORDER

AND NOW, this 4th day of September, 1998, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is reversed.

KELLEY, Judge, dissenting.

I respectfully dissent. Herein, the majority reverses the trial court's affirmance of the Zoning Board of Adjustment of the City of Pittsburgh's (Board) grant of special exception modifying parking space requirements under the Pittsburgh Zoning Code (Code) because the record is devoid of substantial evidence to support the board's determination. I disagree.

During the testimony before the board, the owner of Pittsburgh Deli Company testified regarding the requirement of 32 additional parking spaces. Mr. Caliguiri testified that in determining where the Pittsburgh Deli Company might obtain 32 additional parking spaces, the availability of outdoor lots, metered spaces on adjacent streets, and spaces inside the Shadyside Parking Garage were considered. Reproduced Record (R.) at 12a. In response, to this testimony, a member of the board stated that the Pittsburgh Deli Company could not count those spaces. *Id.* In response, Mr. Caliguiri acknowledged this fact and pointed out that the Deli Company did not have a private parking lot. At this point, another board member stated that what the Pittsburgh Deli Company was asking for was not a variance but a special exception for parking. *Id.* Mr. Caliguiri agreed with this observation and amended the application to include an exception for

4. The common pleas court made a similar erroneous inquiry. In its opinion it states, "[r]ecognizing the Deli Company could provide no additional parking for its customers, the Board concluded that the increase in traffic generated by the expansion would not be so great as to adversely effect the neighborhood." *McGinty et* al. v. Zoning Board of Adjustment of the City of Pittsburgh, No. S.A. 39–97, slip op. at 3–4 (C.P. Allegheny Co. July 30, 1997). The common pleas court also addresses the merits of the case without noting any unique quality of the subject land.

modification of the parking requirement under section 909.06(d)(1). *Id.* at 13a.

Substantial evidence means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983). With this principle in mind, I believe, contrary to the majority's determination, that there was substantial evidence presented in the form of testimony that the modification to the parking requirement was necessary in order to appropriately develop the subject parcel of land. When taken as a whole, Mr. Caliguiri's entire testimony supports a finding that the modification to the parking requirement is necessary in order to appropriately develop the subject property because of the land's unique geographical location. This is all the Code requires.

Therefore, in the absence of specific findings by the board, I would remand for additional findings with respect to the Pittsburgh Deli Company's request for modification of the parking requirements under section 909.06(d)(1) of the Code.