## Blair *v.* Board of Adjustment (et al., Appellant).

Argued January 12, 1961. Before Jones, C. J., Bell, Musmanno, Jones, Cohen, Bok and Eagen, JJ.

*Knox Henderson,* with him *Alonzo R. Horsey,* and *Henderson, Wetherill & O'Hey,* for appellant.

*D. Stewart McElhone,* with him *Duffy, McTighe & McElhone,* for appellees.

OPINION BY MR. JUSTICE COHEN, March 23, 1961:

These appeals concern applications by the owners of two lots in the Borough of Hatboro for special exceptions to operate gasoline filling stations on their lots under the provisions of the zoning ordinance of that borough. The board of adjustment (Board), basing its decisions on several enumerated grounds, refused to grant the special exceptions. On appeal, the Court of Common Pleas of Montgomery County reversed and granted the special exceptions on the condition that the buildings be of colonial design. The Borough of Hatboro, as an intervening party, appealed the consolidated cases to this court.

A special exception is issued for an exceptional use which may be permitted within a particular district if the board of adjustment determines its availability. Such uses are made available as a *privilege,* not as of right, assuming that the requisite facts and conditions detailed in the ordinance are found to exist.

*Eves v. Zoning Board of Adjustment,* 401 Pa. 211, 220, 164 A. 2d 7 (1960). Since its allowance is predicated on the exercise of prudent discretion by the Board, only a manifest abuse of that discretion will cause reversal on appeal. *Kotzin v. Plymouth Township Zoning Board of Adjustment,* 395 Pa. 125, 149 A. 2d 116 (1959).

The court below held that the Board committed an abuse of discretion by basing its decision partly on (1) an anticipated increase in traffic, and (2) the economic inadvisability of having two more gas stations in Hatboro.

The Board, notwithstanding our ruling in *Archbishop O'Hara's Appeal,* 389 Pa. 35, 131 A. 2d 587 (1957), did not err when it considered the anticipated increase in traffic. In that case we were concerned with the natural increase of traffic due to the erection of a school in a residential zone—a matter entirely different from the increase in volume and the unique patterns of commercial traffic that would develop from the operation of the proposed gasoline stations.

A gasoline service station requires the physical presence of the vehicle in order to perform its function and justify its existence. In most cases the customer cannot park his automobile across the street and accomplish the business normally transacted at a service station. Rather, he must drive on to the premises. Consequently, abnormal traffic patterns result, whether or not acompanied by an appreciable increase in the volume of traffic. This is the case especially where there are many service stations within a small area. Granting the requested special exceptions would increase the number of service stations in the immediate 350 foot radius to five.

The Board, by considering the economic advisability of the addition of two new gas stations and by

conjecturing as to the potential disastrous impact upon the existing local service stations, may well have been in error because it did not stay within the defined standards of the ordinance. But since this questionable factor is but one of several reasons upon which the Board relied, we can not reverse for an abuse of discretion if the ruling is supported by other valid factors.

In addition to the increased traffic factor described above, the Board found as a separate reason for disallowance of the special exception, that there would be five service stations within a radius of 350 feet, and ten within a borough which is only one and one-half square miles in area. Section 1701-B of the Hatboro Zoning Ordinance of 1955 states that the Board shall consider as one of its standards: "(3) the effect of the proposed use upon the character of the immediate neighborhood so as to conserve the value of existing buildings and encourage the most appropriate use of the land." The accumulation of five service stations within a radius of 350 feet has a definite effect on the "character" of the immediate neighborhood, which is zoned primarily for retail business. The finding of the Board that the requested use would create danger and congestion and that it was not the most advantageous use of the land is clearly not unreasonable. We can find no abuse of discretion in the ruling of the Board.

Order reversed.