Boron Oil Company *v.* City of Franklin.

Argued March 3, 1971, before President Judge Bow-MAN, and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

*John M. Wolford,* with him *Daniel Brocki and Dunn, Wolford & Sesler,* for appellant.

*Raymond S. Woodard,* with him *Ralph L. Montgomery, Jr.,* and *Dale, Woodard & Montgomery,* for appellee.

OPINION BY JUDGE ROGERS, May 14, 1971:

This is an appeal from an order of the Court of Common Pleas of Venango County, dismissing an appeal from an order and decision of a Zoning Hearing Board.

The appellant, Boron Oil Company, the equitable owner of a lot located at the corner of 13th and Liberty

Streets in the City of Franklin, Venango County, desired to raze an existing office building and gasoline service station[1] and erect a new gasoline service station. The lot in question is located at a busy intersection and within a zoning district called Central Business District. In such district, a gasoline service station is a permitted use provided that there is no existing gasoline service station within 200 feet from any point on the lot line of the proposed new location. There was an existing service station within 50 feet of the lot line of Boron's proposed new station and, for this reason, its building permit was denied. Boron appealed to the Zoning Hearing Board.[2]

Before the Zoning Hearing Board, appellant contended that the permit should be issued for three reasons: that the existing facility located within 50 feet was not in fact a gasoline station, that a variance should be granted, and that the applicable zoning regulation was unconstitutional. The first two reasons are properly not pressed in this appeal, there being ample evidence that there is an existing gasoline service station within 50 feet and there being no basis for the grant of a variance.

The Zoning Hearing Board conducted a full day's hearing. The appellant's evidence before the Board

---

[1] The right to use the existing service station is not here in issue and, of course, is not affected hereby.

[2] These proceedings were commenced in 1968. The hearing before the Board of Adjustment was conducted in October and the Board's order made in November of that year. The Court's order and opinion came down in October of 1970. No reason appears in the record for the lapse of two years from the time the Board of Adjustment made its order until the affirmance of that order by the lower court in October, 1970, and no point is made of this by either party to this appeal. The Pennsylvania Municipalities Planning Code, 1968, July 31, P. L. , No. 247, 53 P.S. 10101, effective January 1, 1969, provided the nomenclature "Zoning Hearing Board", which we use throughout.

consisted only of the testimony of a representative of Boron who described the proposed gasoline service station. Twelve persons, of whom ten were called as witnesses for the City, testified in opposition to the grant of the permit. Included among these were a member of the City Planning Commission, a member of City Council, the code enforcement officer, the fire chief and the police chief. The testimony of these witnesses tended to show that the regulation in question was recommended to and enacted by City Council for the purpose of preventing or reducing the threat to public health and safety from hazard of fire and explosion and from the danger of vehicular and pedestrian traffic accidents. Factually, this evidence established: that the central business district of the City is designated a fire zone by official action of City Council because the buildings there located are old and particularly susceptible to damage by fire; that four major highways converge to funnel vehicular traffic through Liberty Street, creating the heaviest concentration of vehicle traffic and highest incidence of vehicular and pedestrian accidents at the intersection of 13th and Liberty; that there are seventeen existing gasoline stations in the City including one within 50 feet of Boron's lot; that more fire calls are required to be made to existing gasoline stations than to other kinds of establishments; and that many traffic accidents occur at and near the intersection in question.

After the dismissal of its appeal by the Zoning Hearing Board, Boron moved the Common Pleas Court to take additional testimony of so-called "rebuttal witnesses" who would "testify on matters of safety and welfare of the community, and more specifically on fire and traffic hazards in connection with service stations." Boron asserted that this evidence was not presented at the time of the hearing before the Zoning Hearing Board because it had no way of knowing or

anticipating what testimony would be developed by the City, "the original appeal from the Zoning Administrator being an appeal from his refusal by reason of the instant property being within 200 feet of an existing gasoline service station". This assertion was not entirely candid since Boron had in its written appeal to the Zoning Hearing Board given as a ground for the issuance of the permit that the distance regulation was unconstitutional.

Boron's motion was refused on the ground that, having challenged the constitutionality of the Ordinance, Boron had the burden before the Zoning Hearing Board of evidencing that the contested provision had no reasonable relationship to health, safety or the general welfare and that the City's introduction of evidence tending to show such a relationship provided no reason for taking additional evidence in behalf of its adversary.

The Court of Common Pleas of Venango County by order and an able opinion of President Judge BREENE sustained the decision of the Zoning Hearing Board.

The appellant would have us reverse because the court's refusal to enlarge the record was an abuse of discretion and because the regulation requiring that new gasoline service stations be located 200 feet from existing stations is on its face unconstitutional as not reasonably related to health, safety and general welfare and as unreasonably discriminatory against persons desiring to have service stations.

Boron's motion for additional testimony was made and disposed of by the court after January 1, 1969. The Pennsylvania Municipalities Planning Code, 1968, July 31, P. L. , No. 247, Section 1009, 53 P.S. 11009, provides: "If no verbatim record of testimony before the board was made, or if upon motion, it is shown that proper consideration of the zoning appeal requires the presentation of additional evidence, a

Judge of the Court may hold a hearing to receive such evidence or may remand the case to the board or refer it to a referee to receive such evidence."

This provision does not mean, as the appellant suggests, that the court must receive additional evidence provided only that it is relevant. Such interpretation would not only nullify the discretion plainly conferred on the court, it would effectually remove from the Zoning Hearing Board the fact-finding function entrusted to it by the Legislature.[3] It would further render meaningless the requirement that the proposed additional evidence be shown to be necessary for a proper consideration of the appeal. The appellant was required to demonstrate that the record was incomplete either because it was refused the opportunity to be fully heard, or that relevant testimony offered by it was excluded. *Udylite Corporation v. Philadelphia Zoning Board,* 16 D. & C. 2d (1958) affirmed 394 Pa. 645, 148 A. 2d 916 (1959). The Board did not deny the appellant its right to be heard and the meager evidence it proffered was admitted. That its adversary came prepared for trial before the Board furnished no basis for granting appellant a second hearing. Appellant's admitted failure to anticipate that its opponent would adduce evidence on an issue the appellant raised is no exceptional circumstance. In *Fine v. Zoning Board of Adjustment,* 410 Pa. 483, 189 A. 2d 882 (1963), relied on by appellant, the landowner offered to prove through named witnesses and voluminous records that a fact found by the board was untrue. Boron's application stated its intention to present the testimony of "not less than one nor more than three witnesses, presumably experts, to testify on matters of safety and welfare of the community, and more specifically on fire and traf-

---

[3] By Section 910 of the Pennsylvania Municipalities Planning Code, supra, 53 P.S. 10910.

fic hazards in connection with service stations." The court properly refused this application.

Appellant further contends that the City's Ordinance prohibiting the establishment of a new gasoline station within 200 feet of an existing station within the central business zone is unconstitutional on its face. In challenging this regulation, the appellant has the burden of proof. *Glorioso Appeal,* 413 Pa. 194, 196 A. 2d 668 (1964). Further, there is a presumption of the validity of the Ordinance. *Best v. Zoning Board of Adjustment,* 393 Pa. 106, 141 A. 2d 606 (1958). It is important from time to time to be reminded of the compelling reasons for these rules: ". . . what serves the public interest is primarily a question for the appropriate legislative body in a given situation to ponder and decide. And, so long as it acts within its constitutional power to legislate in the premises, courts do well not to intrude their independent ideas as to the wisdom of the particular legislation. Specifically, with respect to zoning enactments, judges should not substitute their individual views for those of the legislators as to whether the means employed are likely to serve the public health, safety, morals or general welfare." *Bilbar Construction Company v. Easttown Township Board of Adjustment,* 393 Pa. 62, 72, 141 A. 2d 851, 856 (1958) and ". . . zoning classifications are largely within the judgment of the legislative body and the exercise of that judgment will not be interfered with by the courts except in cases where it is obvious that the classification has no substantial relationship to public health, safety, morals or general welfare." *Gratton v. Conte,* 364 Pa. 578, 584, 73 A. 2d 381, 385 (1950).

Nevertheless, the City of Franklin did not rest its case on a presumption. It produced a full day's testimony in which the physical characteristics of the lot in question, the character of the immediate vicinity, the quantity of traffic on abutting streets, the experience

of the fire department with other gasoline stations, and that of the police department with traffic were set forth in convincing detail.

We conclude, therefore, that there was neither abuse of discretion nor error of law in the Zoning Hearing Board's order and decision and that the court below correctly held that the distance requirement of the ordinance was valid as respects this lot at the busiest intersection of the City of Franklin.

Further, the subjection of gasoline service stations to special regulation does not deny persons desiring to engage in such use the equal protection of the law. The Supreme Court has recognized that gasoline stations have characteristics justifying special regulation. *Blair v. Board of Adjustment,* 403 Pa. 105, 169 A. 2d 49 (1961), *Facciolo and Barrett Appeal,* 440 Pa. 508, 269 A. 2d 703 (1970).

Order affirmed.

---

DISSENTING OPINION BY JUDGE MANDERINO:

We are faced here with a provision of the zoning ordinance of the City of Franklin which permits the erection of a gasoline service station in the Central Business District provided that: "No existing or authorized gasoline service station is located within two hundred (200) feet, by radial measurement from any point on the lot line, of the proposed new location." Franklin City Zoning Ordinance, Section 505.061.

The appellant, Boron Oil Company, has applied to the appropriate officials of the City of Franklin for permission to erect a gas station in the Central Business District and have been denied this right because the construction of this station would violate the above proximity regulation. Before this court, Boron Oil has challenged the constitutionality of this restriction. I agree with their contention that this provision is unconstitutional.

The only provisions in the entire Franklin Ordinance regulating the proximity of uses of the same kind deal solely with gasoline service stations. The City justifies this unique treatment of gasoline service stations on the basis that the stations are hazardous because of the possibility of fire and explosion, dangerous because of great traffic congestion and destructive of aesthetic character. Assuming, without deciding the validity of all of these considerations, I fail to see how they are served by a blanket two hundred (200) feet prohibition. This provision would bar in most cases competing structures on opposite sides of a highway or on different corners of an intersection. Zoning controls must relate realistically to the health, safety and morals of the community. A two hundred (200) feet proximity limitation uniformly applied to all structures might be constitutional but cannot be when it is applied, as in this case, to a single type of building.

It is well settled that an ordinance is clothed with a presumption of constitutionality. However, it is also clear that this presumption may be overcome by an ordinance which, on its face, "violates *the fundamental law* clearly, palpably, plainly and in such manner as to leave no doubt or hesitation, in the minds of the court." (Emphasis added.) *Bilbar Construction Co. v. Board of Adjustment,* 393 Pa. 62, 141 A. 2d 851 (1958).

There can be no doubt that *the fundamental law* of our land includes equal protection of the laws. This assures that all persons or things rationally classified will be given the same treatment under the law. In this case, the City of Franklin has given gasoline service stations a unique classification. It is unique in that it consists of gasoline service stations alone. They are the only uses which are subject to the proximity regulation even though there are, in fact, a number of other uses which might be considered fire hazards, traffic congestors or destroyers of aesthetic character. This

unique treatment can only be considered a clear, palable and plain violation of the fundamental law of equal protection. The proximity regulation in the Franklin ordinance is unconstitutional on its face.

In addition, I should like to note that there have been no decisions by the courts of Pennsylvania holding a proximity regulation, such as the one here, constitutional. Recently, the issue of the constitutionality of a proximity regulation was raised before the Supreme Court in *Appeal of Facciolo and Barrett,* 440 Pa. 508, 269 A. 2d 703 (1970). However, the Court specifically avoided deciding that issue, ending its opinion with the following words: "As we have decided that the board did not err in refusing the special exception, we need not decide whether the Township's ordinance requiring a gasoline station building to be at least 250 feet from any residential building, church, school or existing use of the same type is constitutional." 440 Pa. 508, 269 A. 2d 703 (1970).

I would reverse the order of the lower court and remand this case for a reconsideration of Boron Oil's application independent of the proximity regulation.