James J. Phelan, Jr. and Edith N. Phelan, his wife, Appellees, *v.* Zoning Hearing Board of Lower Merion Township. Lower Merion, Appellant.

Argued April 1, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Parker H. Wilson,* with him *Alonzo R. Horsey,* and *Wilson, Oehrle & Drayer,* for appellant.

*James J. Phelan, Jr.,* for appellees.

*Robert S. Ryan,* with him *Lewis H. Van Dusen, Jr.,* and *Drinker, Biddle & Reath,* for amicus curiae, Zoning Hearing Board of Lower Merion Township.

OPINION BY JUDGE ROGERS, May 14, 1975:

This is the appeal of Lower Merion Township from an order of the Court of Common Pleas of Montgomery County declaring Section 2511.1[1] of the Lower Merion Township Zoning Ordinance unconstitutional. That section prohibits the construction of a tennis court in the front, rear and side yard setback areas required in residential districts in the Township.

Mr. and Mrs. James J. Phelan, Jr. without applying for a zoning permit commenced and half completed construction[2] of a tennis court in the backyard of their home, located in an R-2 residential district where the required rear yard setback is twenty-five feet. The tennis court was to have extended to within four feet of the Phelans' rear property line. Their belated application for a permit was refused by the zoning officer.

The Phelans appealed the zoning officer's action to the zoning hearing board, requesting a variance. At the board

1. Section 2511.1 was adopted on December 29, 1971. The Township Ordinance was amended in 1974 and Section 2511.1 was renumbered as Section 2513. Hereinafter, it will be referred to as Section 2511.1.

2. Mr. Phelan, an attorney-at-law, first stated at the zoning hearing board hearing that he began construction without a permit because he was not aware of Section 2511.1 (passed eighteen months earlier). Subsequently, he admitted his contractor had informed him of it but he proceeded anyway under the misapprehension that he was merely "resurfacing" an old court not "constructing" a new one and therefore did not need a permit.

hearing the Phelans presented evidence of neighborhood approval of the already commenced construction, the absence of ecological ill-effects of their proposed tennis court, the infeasibility of constructing a tennis court on their lot in conformity with the ordinances' requirements and the expense of the work completed. In the course of his testimony Mr. Phelan additionally asserted that "the Zoning Ordinance . . . is discriminatory in the sense that no R-2 Residential Zoning could ever construct a tennis court."

The Zoning Hearing Board denied the variance and stated it would and could not rule on Mr. Phelan's charge that the ordinance was discriminatory because this challenge had not been made in the manner required by the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10101 et seq. (MPC). The Phelans filed a timely appeal from the Zoning Hearing Board's decision to the Montgomery County Court of Common Pleas.

Mr. Phelan, on November 19, 1973, in a written communication to the Township Board of Commissioners attacked the validity of Section 2511.1, citing Sections 609 and 1004 of the MPC, 53 P.S. §§10609 and 11004, and requested a hearing. The Board refused the request on the ground that the application did not comply with the requirements of Section 1004 for initiating the challenge before the governing body. The Phelans thereupon filed in the court below, to the term and number of their appeal from the refusal of the variance, a petition for a rule on the zoning hearing board to show cause why Section 2511.1 should not be declared unconstitutional. The rule was granted. At this point, the township intervened in the court proceedings and both the township and the zoning hearing board filed answers containing New Matter alleging that the constitutional issue had not been properly raised either before the zoning hearing board or the township commissioners. The court below, without taking

evidence, sustained the Phelans' appeal on the ground that Section 2511.1 was unconstitutional. The township has appealed.

We agree with the Township that the constitutional issue regarding Section 2511.1 was not raised as the MPC provides and reverse.

Case law, prior to 1972, authorized courts to consider and decide challenges on substantive grounds to the validity of zoning ordinances in appeals from zoning hearing boards although the issue of validity had not been raised before the board. *See, e.g., Norate Corporation, Inc. v. Zoning Board of Adjustment,* 417 Pa. 397, 207 A. 2d 890 (1965) (application to zoning hearing board for special exception); *Eller v. Board of Adjustment,* 414 Pa. 1, 198 A. 2d 863 (1964) (request for variance to zoning hearing board after refusal of zoning permit). Amendments to the MPC enacted in 1972 significantly altered the required procedures where it is sought to challenge validity on substantive grounds. The amendments retained the former methods of challenging the process whereby an ordinance is enacted (Section 1003, 53 P.S. §11003) and requesting a variance from regulations peculiarly affecting one property (Section 912, 53 P.S. §10912). They provided new procedures for challenges to validity of the ordinance on substantive grounds by Section 1004, 53 P.S. §11004, pertinently as follows:

"(1) A landowner who, on substantive grounds, desires to challenge the validity of an ordinance or map or any provision thereof which prohibits or restricts the use or development of land in which he has an interest shall submit the challenge either:

"(a) To the zoning hearing board for a report thereon under section 910 or 913.1; or

"(b) To the governing body together with a request for a curative amendment under Section 609.1.

"(2) The submissions referred to in subsection (1) shall be governed by the following:

"(a) The landowner shall make a written request to the board or governing body that it hold a hearing on his challenge. The request shall contain a short statement reasonably informing the board or the governing body of the matters that are in issue and the grounds for the challenge.

"(b) The request may be submitted at any time after the ordinance or map takes effect but if an application for a permit or approval is denied thereunder, the request shall be made not later than the time provided for appeal from the denial thereof. In such case, if the landowner elects to make the request to the governing body and the request is timely, the time within which he may seek review of the denial of the permit or approval on other issues shall not begin to run until the request to the governing body is finally disposed of.

"(c) The request shall be accompanied by plans and other materials describing the use or development proposed by the landowner in lieu of the use or development permitted by the challenged ordinance or map. Such plans and other materials shall not be required to meet the standards prescribed for preliminary, tentative or final approval or for the issuance of a permit so long as they provide reasonable notice of the proposed use or development and a sufficient basis for evaluating the challenged ordinance or map in the light thereof. Nothing contained herein shall preclude the landowner from first seeking a final permit or approval before submitting his challenge to the board or governing body.

"(d) If the submission is made to the governing body under subsection (1) (b), the request shall be accompanied by an amendment or amendments to the ordinance proposed by the landowner to cure the alleged defects therein."

. . . .

We have recently explained in detail in a series of opinions written by Judge Kramer, that Section 1004 provides the exclusive remedy for challenging validity on substantive grounds and that such a challenge may not, therefore, be pursued in the context of other kinds of applications, including the request for a variance. *See Ellick v. Board of Supervisors of Worcester Township,* 17 Pa., Commonwealth Ct. 404, 333 A.2d 239 (1975) ; *Board of Commissioners of McCandless Township v. Beho Development Company, Inc.,* 16 Pa. Commonwealth Ct. 448, 332 A.2d 849 (1975) ; *Robin Corporation v. Board of Supervisors of Lower Paxton Township,* 17 Pa. Commonwealth Ct. 386, 332 A.2d 841 (1975).

It is clear that the Phelans' constitutional challenge was not raised as Section 1004 requires. Their application to the zoning hearing board was for a variance. Section 1004 (2) (a) requires a written request to the board for a hearing on the challenge which must set forth the issues raised and the grounds for the challenge. Section 1004 (2) (c) requires that the request be accompanied by plans describing the proposed use. These requirements were not, of course, satisfied by Mr. Phelan's assertion as a witness that the requirement from which he was seeking the variance was discriminatory.

Mr. Phelan's letter to the Board of Commissioners was equally inadequate. Although the nature of the challenge was described, no plans were submitted as required by Section 1004 (2) (c) and no request for curative amendment was made as required by Section 1004 (1) (b) and (2) (d).

Moreover, where, as here, a challenge is sought to be raised after an application for and denial of a permit, it "shall be made not later than the time provided for appeal from the denial thereof." Section 1004 (2) (b). That period is thirty days. Section 1006 (2), 53 P.S. §11006 (2). Here, the denial of the permit occurred on or before July 20, 1973, the date on which the Phelans appealed to the

zoning hearing board. Thus, the Phelans' letter of November 19, 1973 to the Board of Commissioners, even if it had been a proper request for a curative amendment under Section 1004(1)(b), was untimely filed. Finally, as we have noted, even if that letter had been a proper and timely filed challenge by request for curative amendment, it could not be considered by the court in the appeal from denial of the variance.[3]

All that remains for disposition is the propriety of the zoning hearing board's denial of the Phelans' request for a variance. Our scope of review, where the lower court has taken no additional evidence, is confined to a determination of whether the zoning hearing board abused its discretion or committed an error of law. The landowner requesting a variance bears the burden of proving that an unnecessary hardship, unique or peculiar to his property, is imposed by the zoning ordinance he seeks to avoid and that the variance is not contrary to public health, safety or the general welfare. *Alfano v. Zoning Hearing Board of Marple Township*, 14 Pa. Commonwealth Ct. 334, 324 A.2d 851 (1974). The appellees' proofs were wholly inadequate for this purpose.

The order of the court below is reversed and the decision of the Lower Merion Township Zoning Hearing Board denying the variance is reinstated.

---

CONCURRING AND DISSENTING OPINION BY JUDGE MENCER, May 14, 1975:

I concur fully with the majority in the reversal of the lower court's determination that Section 2511.1 of the Lower Merion Township Zoning Ordinance is unconstitutional. However, I respectfully dissent to the majority's

---

3. The Phelans did not appeal from the Board of Commissioners' denial of their request for a hearing on the challenge. *See* Section 1004(3), 53 P.S. §11004(3).

passing upon the propriety of the zoning hearing board's denial of the Phelans' request for a variance.

The variance question was not ruled upon by the lower court, and we should remand to enable the lower court to address itself to this question. In the event that the lower court would decide to take additional evidence, our scope of review would be different from that utilized here by the majority in its premature review and disposition of the variance aspect of this case.