Appeal of Mobil Oil Company and Hibbard Bartram. The Township of Westtown, Appellant.

Argued April 2, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*John S. Halsted,* with him *Gawthrop & Greenwood,* for appellant.

*Thomas A. Riley, Jr.,* with him *John C. Snyder* and *Lentz, Riley, Cantor, Kilgore & Massey, Ltd.,* for appellees.

OPINION BY JUDGE BLATT, October 2, 1975:

This is an appeal taken by the Township of Westtown (Township) from an order of the Court of Common Pleas of Chester County directing it to issue a building permit to Mobil Oil Company (Mobil), the lessee of a 1.345 acre parcel situated at the northeast corner of U.S. Route 202 and Pa. Route 926. This parcel is part of a larger four-acre lot owned by Hibbard Bartram.

Mobil seeks to construct a gasoline service station on the site and pursuant to that desire it joined Bartram in applying for zoning approval from the Township Zoning Officer. Upon denial, an appeal was taken to the Township's Zoning Hearing Board (Board) where the applicants pursued requests for a special exception and variance and also attacked the constitutionality of cer-

tain provisions of the Township's Zoning Ordinance. After holding three extensive hearings in May, June and July of 1972, the Board issued a lengthy opinion on August 23, 1972 in which it affirmed the denial of the building permit and denied the application for variance and special exception. In its opinion, the Board also discussed and rejected the applicants' constitutional arguments.

An appeal was thereupon taken to the Court of Common Pleas where the applicants renewed their constitutional challenge, asserting in particular the invalidity of two separate provisions of the ordinance. After ordering a remand, at which some additional testimony was taken on May 10, 1973, the lower court issued an opinion on July 13, 1974 in which it held both challenged provisions to be unconstitutional and consequently ordered the issuance of a building permit.

The parcel which Mobil seeks to use for its gasoline service station is located in a Commercial District in which gasoline service stations are permitted as a special exception under the condition "that no service station shall be located within 500 feet of another service station on the same side of the highway. . . ." There is considerable ambiguity as to the method by which the 500-foot distance ought to be measured but it is clear that under any reasonable interpretation of that provision Mobil fails to comply. The distance between the northern lot line of Mobil's parcel and the southern lot line of a Sunoco service station to the north on the same side of Route 202 is 200 feet. The distance between driveways is 200 feet; the distance between pumps is 386 feet; and the distance between buildings is 425 feet.

The ordinance also contains a section entitled "Area & Bulk Regulations." That section provides for a number of regulations applicable in a Commercial District and among them is the following: *"Lot Size*—2 acres mini-

mum, exclusive of all public rights-of-way." The Board also found Mobil to be in violation of this requirement.

Aside from its failure to comply with these two requirements, Mobil would otherwise have been found to be entitled to a special exception. When the lower court held both provisions to be unconstitutional, therefore, it also ordered the issuance of a building permit.

With respect to the provisions that no two service stations be located within 500 feet of one another on the same side of the road, Mobil argues essentially that the provision has no substantial relationship to public health, safety, morals, or welfare and that it unlawfully discriminates against gasoline service stations. In *Boron Oil Company v. City of Franklin*, 2 Pa. Commonwealth Ct. 152, 277 A.2d 364 (1971), we upheld a similar provision which prohibited a new gasoline service station from being placed within 200 feet of any existing station. We there recited the well-recognized principles in the law attaching a strong presumption of validity to such legislative enactments:

"Further, there is a presumption of the validity of the Ordinance. Best v. Zoning Board of Adjustment, 393 Pa. 106, 141 A.2d 606 (1958). It is important from time to time to be reminded of the compelling reason for these rules: '. . . what serves the public interest is primarily a question for the appropriate legislative body in a given situation to ponder and decide. And, so long as it acts within its constitutional power to legislate in the premises, courts do well not to intrude their independent ideas as to the wisdom of the particular legislation. Specifically, with respect to zoning enactments, judges should not substitute their individual views for those of the legislators as to whether the means employed are likely to serve the public health, safety, morals or general welfare.' Bilbar Construction Company v. Easttown Township Board of Adjustment, 393 Pa. 62, 72, 141

A.2d 851, 856 (1958) and '. . . zoning classifications are largely within the judgment of the legislative body and the exercise of that judgment will not be interfered with by the courts except in cases where it is obvious that the classification has no substantial relationship to public health, safety, morals or general welfare.' Gratton v. Conte, 364 Pa. 578, 584, 73 A.2d 381, 385 (1950)." 2 Pa. Commonwealth Ct. at 158, 277 A.2d at 367.

It is important to recognize that this is not a case where the proposed use has been totally excluded from the township. In fact, eight gasoline service stations are already situated in the township and there are many locations still available where the 500-foot restriction would not present any problem.

It is our conclusion here that 500 feet is not an unduly restrictive spacing requirement, at least not in light of the fact that two of the Township's three commercial districts are located along major traffic arteries for southeastern Pennsylvania. Route 202, the main throughfare between West Chester, Pennsylvania and Wilmington, Delaware especially generates high speed traffic and has an alarmingly high accident rate. It is, therefore, in our view, within the proper exercise of the police power for the Township to limit access and to attempt to reduce the number of accidents which might otherwise be caused by cars entering or leaving the roadway.

Mobil, however, makes a strong argument that other similar uses are not so regulated and that the ordinance is, therefore, unlawfully discriminatory. It attempts to distinguish the *Boron* case from this one primarily on the basis that the challenger there failed to present evidence on this point but instead relied on its argument that the provision was unconstitutional on its face. Here, on the other hand, Mobil has presented a considerable amount of evidence tending to show the reasons offered by the Township to justify the 500-foot spacing require-

ment would be generally applicable to many other uses of a similar drive-in type.

The Township's motivation, as expressed by its officials who played a role in the enactment of the ordinance, was twofold: (a) to reduce hazardous traffic conditions and (b) to provide a reasonable mix of commercial uses. The Township introduced the testimony of Dr. James J. Schuster who described the unique traffic pattern created by gas stations. Among the special traffic features listed was the fact that use of a gas station requires, the presence of the automobile itself at the pumps so that other parking facilities will not normally alleviate congestion. In addition, the record indicates that the buying habits of the gasoline purchaser are generally more spontaneous than those who frequent other types of commercial uses, thus presenting a unique traffic hazard. While it may be true that gas stations are not more dangerous than other commercial uses, their unique aspects are such that a municipality may rationally single them out for different treatment. The Township may in fact have been wiser to provide spacing requirements for all drive-in uses but this is a legislative judgment with which the courts should not interfere unless there is obviously no substantial relationship indicated to the public health, safety, morals or general welfare.

In both *Marple Township Appeal*, 440 Pa. 508, 269 A.2d 699 (1970) and in *Blair v. Board of Adjustment*, 403 Pa. 105, 169 A.2d 49 (1961), our Supreme Court held that a zoning board may deny a special exception on the basis that abnormal traffic patterns result where there are a number of gas stations in a small area. In the *Marple Township* case, the court expressly declined to consider the precise issue with which we are now faced. The court there did, however, indicate that the zoning board, in deciding whether or not the grant of a special exception would be adverse to the public interest and

welfare, could properly weigh evidence that the area was already served by an adequate number of service stations and that the addition of another station would make a difficult traffic situation even more difficult. Because those reasons are within public welfare considerations, they may, by the same token, support a municipality's exercise of its police power through appropriate legislation.

We can find no merit whatever in Mobil's argument to the effect that the Township's spacing scheme constitutes spot zoning.

Since we hold, therefore, that a building permit was properly denied on the basis of failure to comply with the 500-foot spacing requirement, we need not consider the question of whether or not the permit was also properly denied on the basis of Mobil's failure to meet the minimum lot size requirement.

We, therefore, reverse the order of the lower court and reinstate the order of the Zoning Hearing Board of Westtown Township insofar as it denied the application for a special exception and building permit by Mobil Oil Company and Hibbard Bartram on the basis of their failure to comply with the 500-foot spacing requirement between gasoline service stations contained in Section 301(k) of the Westtown Township Zoning Ordinance.