# H. A. Steen Industries, Inc. v. Zoning Hearing Board

623

Before Bodley, Garb and Ludwig, *JJ.*

*David H. Moskowitz,* for appellants.
*William P. Coyle,* contra.

GARB, *J.,* January 26, 1976.—It is unfortunate that, because of the procedural posture upon which this case has been submitted to the court, it cannot be decided at this time and must be remanded to the Zoning Hearing Board of Bensalem Township. The property owner owns a piece of land which is totally undeveloped, comprised of 1.076 acres abutting interstate highway 95 in Bensalem Township. Both he and H. A. Steen Industries, Inc. have appealed to the zoning hearing board of the township from the refusal of the administrative officer to grant a building permit and likewise for a variance, in both cases based upon appellant's desire to erect and maintain two advertising signs upon the premises for the purpose of off-premises advertising. Clearly,

this is a use prohibited everywhere in the township by virtue of the township zoning ordinance. After hearings before the zoning hearing board, the appeal from the action of the administrative officer and the application for a variance were both refused, from which this appeal was taken. It is unfortunate that we cannot reach the merits of this case at this time and, therefore, subject appellant and the township to additional proceedings in light of Daikeler v. Zoning Board of Adjustment of Montgomery Township, 1 Pa. Commonwealth Ct. 445, 275 A.2d 696 (1971), and Norate Corp. v. Zoning Board of Adjustment, 417 Pa. 397, 207 A.2d 890 (1965). See also Beaver Gas. Co. v. Osborne Borough, 445 Pa. 571, 285 A.2d 501 (1971); East Pikeland Township v. Bush Bros., Inc., 13 Pa. Commonwealth Ct. 578, 319 A.2d 701 (1974); Groff Appeal, 1 Pa. Commonwealth Ct. 439, 274 A.2d 574 (1971); Mobil Oil Co. v. Township of Westtown, 21 Pa. Commonwealth Ct. 295, 345 A.2d 313 (1975); Concord Township Appeal, 439 Pa. 466, 268 A.2d 765 (1970) and Girsh Appeal, 437 Pa. 237, 263 A.2d 395 (1970).

On the record before us, we are not satisfied that it is sufficiently complete and comprehensive upon which to decide appellant's application for a variance on strictly variance principles. The only basis upon which appellants maintain that the property cannot be used for any lawful purpose permissible under the zoning ordinance in the district in which it lies, M-1, is the basis that it is totally landlocked. Although the property owner so testified, a partial plot plan of the property included among the exhibits with the certiorari would seem to indicate that there is access to Woodbine Avenue. This was never explained on the record.

Primarily, appellants take the position that they are entitled to this variance based upon the alleged unconstitutionality of the ordinance because of a total municipality-wide exclusion of off-site advertising signs based upon the holdings of Daikeler v. Zoning Board of Adjustment of Montgomery Township, supra, and Norate Corp. v. Zoning Board of Adjustment, supra. It seems now clear that a property owner may not attack the constitutionality of a zoning ordinance based upon its total exclusion of a lawful land use. See Exton Quarries, Inc. v. Zoning Board of Adjustment, 425 Pa. 43, 228 A.2d 169 (1967) by the use of a variance proceeding: Robin Corp. v. Board of Supervisors of Lower Paxton Township, 17 Pa. Commonwealth Ct. 386, 332 A.2d 841 (1975); Cutillo v. Lower Pottsgrove Township, — Pa. Commonwealth Ct. —, 347 A.;2d 343 (1975), and Phelan, Jr. v. Zoning Hearing Board of Lower Merion Township, 19 Pa. Commonwealth Ct. 63, 339 A.2d 612 (1975).

However, the foregoing does not necessarily determine that appellants were without relief before the zoning hearing board. It was abundantly clear before the zoning hearing board by virtue of the application for appeal made to them and the proceedings conducted at the hearings that appellants were, in fact, attacking the constitutionality of the zoning ordinance. Under section 1004 of the Municipalities Planning Code of June 1, 1972, P. L. 238 (No. 93), sec. 1004, 53 P.S. §11004, a landowner, who, on substantive ground, desires to challenge the validity of a zoning ordinance as one which prohibits or restricts the use or development of land in which he has an interest, may submit the challenge either to the zoning hearing board for a report thereunder under subsection (1)(a) or

to the governing body for a request for a curative amendment under subsection (1)(b). Where the former procedure is elected, the zoning hearing board is mandated under section 910, 53 P.S. §10-910, to hear the challenge to the validity of the zoning ordinance, to take testimony and make a record thereon and at the conclusion of the hearing to decide all contested questions and make findings on all relevant issues of fact which shall become part of the record on appeal. As noted, clearly, appellants were challenging the validity of the ordinance which allegedly prohibited their use of land in which they had an interest. Obviously, this was submitted to the zoning hearing board in this case. Notwithstanding the foregoing, although the board, by its findings of fact and conclusions of law, denied the application for variance, it failed, as mandated by section 910, to make findings on the constitutional issues involved in this challenge. In fact, the zoning hearing board explicitly stated that it was not addressing itself to the constitutional questions raised. In this regard, therefore, the zoning hearing board was in error and its decision, therefore, incomplete. For this reason, we determine that we must remand this matter to the zoning hearing board with the direction that it fulfill its mandate under section 910 of the Municipalities Planning Code.

## ORDER

And now, to wit, January 26, 1976, for the reasons enunciated in the within opinion, this matter is remanded to the zoning hearing board with directions that it shall decide all contested questions and shall make findings on all relevant issues of fact regarding the constitutional challenge to the Bensalem Township Zoning Ordinance.