William F. Rittner and Ernest E. Rittner, Appellants *v.* The Zoning Hearing Board of the Borough of Lemoyne and the Borough of Lemoyne, Appellees.

Argued June 10, 1977, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Jeffrey E. Piccola,* with him *Berman, Boswell, Snyder & Tintner,* for appellants.

*Horace A. Johnson,* with him *Myers, Myers, Flower & Johnson,* for appellee.

OPINION BY JUDGE WILKINSON, JR., July 12, 1977:

This appeal arises from an order of the Court of Common Pleas of Cumberland County dismissing appellants' substantive challenge to the zoning ordinance of the Borough of Lemoyne for lack of jurisdiction. We affirm.

On July 29, 1975 appellants applied for a building permit to construct a Red Barn restaurant. The permit was denied on July 31 because under the zoning ordinance a restaurant is not a permissible use in a C-1 zone. The next day, August 1, 1975, appellants applied for a variance to the Zoning Hearing Board of Lemoyne (Board). A hearing was held and on October 7, 1975, the variance was denied. On October 29, 1975 appellants filed a substantive challenge to the ordinance with the Board pursuant to Section 1004 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11004 (MPC). Hearings were held and on March 11, 1976 the Board issued findings of fact. An appeal was taken to the Court of Common Pleas of Cumberland County where the Borough of Lemoyne was permitted to intervene. The lower court ruled that appellants had not timely filed their substantive challenge with the Board under Section 1004(2)(b) and dismissed the appeal.

Section 1004(2)(b) reads in pertinent part:

The request [to the Board initiating a substantive challenge] may be submitted at any time after the ordinance or map takes effect *but if an application for a permit or approval* is denied thereunder, the request shall not be made later than the time provided for appeal from the denial thereof. (Emphasis added.)

Under Section 1006(2), 53 P.S. §11006(2) the time for appeal from denial of a permit or approval is 30 days. We have held, therefore, that when a building permit is denied any substantive challenge must be made within 30 days. *Phelan v. Zoning Hearing Board*, 19 Pa. Commonwealth Ct. 63, 339 A.2d 612 (1975). *Accord*, R. Ryan, *Pennsylvania Zoning Law and Practice* §2.2 (1970); J. Krasnowiecki, "Zoning Litigation and the New Pennsylvania Procedures," 120 U. Pa. L. Rev. 1029 (1972).

> Under new section 1004(2)(b) a challenge to an ordinance may be commenced by the landowner under either alternative (a) or (b) of section 1004(1) at any time after the ordinance takes effect, but as I have cautioned the reader earlier, if a permit or other approval has been denied pursuant to such ordinance, section 1004 (2)(b) does require that the challenge be commenced within the time provided for appeal from such denial.

*Id.* at 1099.

In this case appellants' substantive challenge was filed more than 30 days after the building permit was denied. Appellants contend, however, that the words "or approval" in Section 1004(2)(b) necessitate a different result. It is argued that the term "approval" includes approvals of variances and, therefore, that a substantive challenge can be brought within 30 days after a variance is denied even if more than 30 days have passed since the denial of a building permit. We disagree.

The term "approval" must be interpreted within the context of the entire MPC. Of particular usefulness is the definition of "application for development" found in Section 107(2), 53 P.S. §10107(2). It reads:

> (2) 'Application for development,' every application, whether preliminary or final, re-

quired to be filed and approved prior to start of construction or development including but not limited to an application for a building permit, for the approval of a subdivision plat or plan or for the approval of a development plan. The parallel between the above definition and the phrase "application for a permit or approval" in Section 1004(2)(b) convinces us that the term "approval" properly refers to an approval required "prior to start of construction" such as the approval of a development plan or a subdivision plat or plan.[1]

Accordingly, we will enter the following

### ORDER

Now, July 12, 1977, the order of the Court of Common Pleas of Cumberland County, dated July 21, 1976, at No. 882 Civil 1976, is affirmed and the appeal is dismissed.

---

[1] An analysis of Section 1006 leads to the same result. Our ruling in *Phelan, supra,* that a validity challenge after the denial of a permit is governed by Section 1006(2) implicitly held that the term "approval" does not include variances or special exceptions since appeals from them are treated in Section 1006(3)(b).