Sheetz Kwik Shoppers, Inc. et al. *v.* Zoning Hearing Board of Huntingdon Borough.

**Sheetz Kwik Shoppers, Inc., Appellant.**

Argued September 11, 1980, before Judges Blatt, Craig and MacPhail, sitting as a panel of three.

*Charles B. Swigart,* for appellant.

*M. B. DeForrest,* with him *Robert B. Stewart, III,* for cross-appellants.

OPINION BY JUDGE BLATT, November 19, 1980:

The appellant, Sheetz Kwik Shoppers, seeks review of a decision of the Court of Common Pleas of Huntingdon County which affirmed action taken by the Zoning Hearing Board of Huntingdon Borough (Board).

The appellant entered into an agreement in June of 1978 to lease property in Huntingdon Borough on which it would construct a retail convenience store, the lease being conditioned upon the issuance by the Board of a special permit to build the store and a variance to allow 24-hour per day operation. The subject property is in an area zoned "residential urban" which permits conditional uses such as this convenience store only if the Board grants a special exception and which also limits all commercial enterprises and facilities to operating hours between 6:00 A.M. and 12:00 midnight. The appellant's application for special permission to build the store was granted by the Board but the request for round-the-clock operation was denied. The denial of the variance, which the appellant appealed on the ground that the zoning ordinance is unconstitutional, was upheld by the court below and is now before us for review.

The appellant argues that an ordinance which restricts business hours is not a proper exercise of the police power in that it does not promote the public health, safety or general welfare and that, therefore, this ordinance violates the due process clause of the United States Constitution, the Pennsylvania Constitution and Section 604 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805,

53 P.S. §10604, both on its face and as applied to a convenience store. The appellant cites *Van Sciver v. Zoning Board of Adjustment*, 396 Pa. 646, 152 A.2d 717 (1959), for the proposition that zoning limitations upon the hours during which a commercial enterprise may be open for business do not promote the general welfare and, therefore, that such restrictions deny property rights without due process of law.

There can be little dispute with the general rule that a zoning ordinance carries a strong presumption of constitutional validity and that one who seeks to challenge that validity must shoulder an extremely heavy burden. *Bilbar Construction Co. v. Easttown Township Board of Adjustment*, 393 Pa. 62, 141 A.2d 851 (1958). And we can find no authority for the contention that an hours-of-operation limitation is *per se* unconstitutional. The appellant's reliance on *Van Sciver* is misplaced because the Supreme Court there was concerned, not with the constitutional merit of a zoning ordinance but with the grant of a permit or certificate to which the Board of Adjustment had appended an ad hoc, non-statutory provision limiting the operating hours of an automated laundromat when no evidence had been presented at the hearing which established a rational relationship between the restriction concerned and the promotion of the general welfare. Moreover, we cannot accept the argument that application of the limitation on hours to a convenience store does not or cannot promote the public health, safety or general welfare. The lower court found that there was nothing in this case to show that this restriction bears no reasonable relationship to the general welfare, and we must agree that the appellant has failed to meet its burden of proving constitutional invalidity. We will, therefore, defer to the municipality's reasonable determination here that this provision in its zoning ordinance is in the public interest. *Bilbar*

*Construction Co. v. Easttown Township Board of Adjustment, supra.*

We will affirm the lower court's decision which upheld the Board's denial of a variance.

### ORDER

AND Now, this 19th day of November, 1980, we hereby affirm the decision of the Court of Common Pleas of Huntingdon County in the above-captioned matter.